The STATE of Ohio,

v.

THOMPSON.

2012-Ohio-1718.]

Upper Sandusky Municipal Court,
Wyandot County, Ohio.

No. TRD–12–72.

Decided April 11, 2012.

**4**

[redacted]

Mark Ellis, Upper Sandusky Law Director, and Kathryn M. Collins, for plaintiff.

Kelle M. Saul, for defendant.

OSBORNE, Judge.

{¶ 1} At approximately 7:20 p.m. on December 30, 2011, Trooper Robert M. Jones observed defendant's passenger vehicle traveling east on State Route 15, near milepost 3, in Ridge Township, Wyandot County, Ohio. Jones testified that defendant's vehicle appeared to be traveling greater than the posted speed limit of 65 miles per hour. Jones then testified that he activated his laser to confirm his visual observation. The laser returned a reading of 84 miles per hour.

{¶ 2} Trooper Jones testified that he had received six months of training at the Ohio State Highway Patrol Academy. He also successfully completed a course in electronic speed-measuring-devices in 2003. In addition, Jones testified that he received annual training updates, with the most recent being May 16, 2011. Jones's certificate of completion was admitted into evidence. Jones testified that he performed a calibration check, which included an internal check, a display test, and a scope-alignment test, of his laser unit at the start of his shift at the Bucyrus Post of the Ohio State Highway Patrol. After completion of his check, the unit was found to be in proper working order.

{¶ 3} The state then called Wyatt Kilgallin, Professor of Engineering at the University of Akron, to testify as an expert witness in the field of the laser speed-measurement system, commonly referred to as Lidar. Kilgallin was duly qualified as an expert witness after giving testimony, and he gave his opinion that within a reasonable degree of scientific certainty, the Lidar device is an accurate measurement of the speed of moving objects.

{¶ 4} Based on the testimony and evidence presented, the court finds that the laser speed-measuring device is reliable and accurate as a scientific measure

of the speed of a moving object and can be used by law enforcement to measure speed, provided that the device is used in accordance with its manufacturer's guidelines.

{¶ 5} To convict a person for a speeding violation, the state must prove and the record must show (1) expert testimony of the construction of the device and its method of operation in determining the speed of the approaching vehicle, (2) evidence that the device is in proper working order, and (3) evidence that the officer using the device is qualified for its use by training and experience. *State v. Wilcox* (1974), 40 Ohio App.2d 380, 386, 319 N.E.2d 615.

{¶ 6} The court finds defendant, Todd M. Thompson, guilty of violating R.C.4511.21(D)(1), speed, 66 m.p.h. in a 65 m.p.h. zone, and assesses costs to defendant.

So ordered.